MILLS, Judge.
A jury found Bryant guilty of knowingly obtaining goods, services, credit or money from U. D. Floyd, by means of an invalid, fictitious, forged, counterfeit, stolen or unlawfully obtained indicia of ownership of a motor vehicle, to wit: a manufacturer’s statement of origin of mobile home as charged in the information.
The sole issue raised by this appeal is whether the trial court erred in denying Bryant’s motion for judgment of acquittal based on the ground that the evidence was insufficient as a matter of law to go before the jury on the offense charged.
On 22 January 1975, Bryant sold to Floyd a mobile home for $3,850.00. Floyd was not present when the mobile home was delivered to a lot in his mobile home park, but when he returned to his office that evening, he found the manufacturer’s statement of origin (certificate) on his desk. The certificate stated that the mobile home was a 1974 Ridgewood, serial No. 25230. The front of the document indicated that it had been transferred from Ridgewood Mobile Homes to Valley Mobile Homes Sales in St. Augustine. The back of the document showed the first assignment to Bryant Mobile Home Sales in East Palatka. It was signed G. L. Williams, the President of Valley Mobile Homes, and notarized by Mrs. Tilghman. The certificate did not contain an assignment from Bryant to Floyd. This assignment was not made until sometime in June of 1975 when Floyd contacted Bryant and asked that he fill out the assignment to him. Bryant did this, but the assignment was dated 22 January, the day the trailer was actually delivered.
The mobile home which was bought by Floyd was not a Ridgewood, but. was a Kingston II mobile home, serial No. 25230. The mobile home had been manufactured by Brigadier and transferred to Bryant Mobile Homes along with a certificate. Bryant Mobile Homes sold the Kingston II to the Stephens. The certificate was sent along with an application for title to the Division of Motor Vehicles and title was issued to the Stephens. A short time thereafter, the Stephens realized they could not afford the mobile home and apparently it was repossessed. The mobile home then disappeared for awhile or at least there is nothing in the record concerning who had repossessed it or what had happened to it. At some point in this time period, Bryant sold his Bryant Mobile Home business in St. Augustine to G. L. Williams, and the Bryant Mobile Homes business in St. Augustine became Valley Mobile Homes. Bryant continued to operate his mobile home business in Palatka. The next time the Kingston II mobile home serial No. 25230 appears, it is being transferred from Bryant to Floyd with what is apparently a fictitious or invalid certificate. The fictitious certificate shows that it was assigned to Bryant from Valley Mobile Homes on 15 June 1974. Although Bryant had no interest in Valley Mobile Homes, Williams had brought some mobile homes over to Bryant and asked him to sell them for him.
The State argues that the business methods used clearly demonstrate that Bryant knew the certificate was fictitious because Bryant did not prepare an application for a certificate of title and forward that along with the certificate to the Division of Motor Vehicles. The State also contends that the way Bryant handled this matter indicated that it was not a normal business affair, therefore, one could infer that he knew the certificate was invalid. However, Floyd did not want to apply for title because then he would have to pay sales tax. Not only was Floyd a mobile home dealer, but Floyd and Bryant had done business together many times, both by Floyd buying from Bryant and also by Bryant selling for Floyd. Floyd found nothing unusual in the manner in which this business transaction was handled.
The facts in this case are complicated and confusing. Although it could be concluded that the certificate delivered to Floyd was fictitious or invalid, there is no evidence to *843 show that Bryant had knowledge that it was invalid or fictitious.
The judgment and sentence are reversed.
RAWLS, Acting C. J., and SMITH, J., concur.